# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ALEJANDROS CASTANEDA,    ) | |
| ) | |
| Plaintiff    ) | |
| ) | |
| vs.    ) | Case No. 2:14-cv-02337-VEH-HGD |
| ) | |
| SHELBY COUNTY SHERIFF'S    ) | |
| OFFICE, *et al.*,    ) | |
| ) | |
| Defendants    ) | |

## MEMORANDUM OF OPINION

The magistrate judge filed a report on August 20, 2015, recommending that this action be dismissed without prejudice for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1).  The plaintiff filed objections to the report and recommendation on September 11, 2015.  (Doc. 19).

The plaintiff objects to the magistrate judge's finding that his claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).  Citing *Murray v. United States*, 487 U.S. 533, 539 (1988), he contends that because his claims here involve unreasonable search issues and denial of adequate medical care issues, they would not "necessarily" imply the invalidity of his conviction and therefore would

not violate *Heck*.[1]  However, the magistrate judge correctly noted that any claims outside the purview of *Heck* would be barred by the applicable statute of limitations. Therefore, assuming *arguendo* that the plaintiff's objections regarding the *Heck* issue have merit, this action is still due to be dismissed by reason of the expiration of the statute of limitations, and his objections with regard to *Heck* are moot.

Accordingly, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the plaintiff's objections thereto, the court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED.  Therefore, in accordance with 28 U.S.C. § 1915A(b)(1), this action is due to be dismissed without prejudice for failing to state a claim upon which relief can be granted.  A Final Judgment will be entered contemporaneously herewith.

**DATED** this 16th day of October, 2015.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[1] The plaintiff acknowledges that his claims alleging conspiracy between prosecutors and the state court could be barred by *Heck*, but argues that those claims should have been reviewed in light of the holding in *Murray*, and only after service on the defendants and a "chance of discovery." (Doc. 19 at 4).